FILED

2020 Sep-23  AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **5:19-cr-482-LSC-HNJ** |
| ) | |
| JUSTIN DAVID BEATTY ) | |

## <u>PLEA AGREEMENT</u>

The Government and defendant hereby acknowledge the following plea agreement in this case:

## <u>PLEA</u>

The defendant agrees to (i) plead guilty to **COUNTS ONE, TWO, THREE, FOUR, FIVE, AND SIX** of the Indictment filed in the above-captioned matter; (ii) consent to an order of forfeiture as described below; and (iii) pay restitution in an amount to be determined by the Court, if applicable.   In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNTS SEVEN through SIXTEEN** after sentencing and recommend the disposition specified below, subject to the conditions in paragraphs **VII and VIII**.   Also, in exchange for the defendant's plea in this case, the Eastern District of Tennessee has agreed not to pursue charges arising out of its October 2019 investigation.

Defendant's Initials ⟨initials⟩

## TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and (e), as charged in **COUNTS ONE and FOUR** is:

a. Imprisonment for not less than FIFTEEN (15) years and not more than THIRTY (30) years;

b. A fine of not more than $ 250,000;

c. Both (a and b);

d. Supervised release of not less than FIVE (5) years and not more than LIFE;

e. Criminal forfeiture;

f. Restitution;

g. Special Assessment Fee of $100 per count under 18 U.S.C. § 3013; and

h. Registration as a sex offender under the Sex Offender Registration and Notification Act.

The defendant understands that the maximum statutory punishment that may be imposed for Coercion and Enticement, in violation of Title 18, United States Code, Sections 2422(b) as charged in **COUNTS TWO and FIVE** is:

a. Imprisonment for not less than TEN (10) years and not more than LIFE;

Defendant's Initials ___

b. A fine of not more than $ 250,000;

c. Both (a and b);

d. Supervised release of not less than FIVE (5) years and not more than LIFE;

e. Criminal forfeiture;

f. Restitution;

g. Special Assessment Fee of $100 per count under 18 U.S.C. § 3013; and

h. Registration as a sex offender under the Sex Offender Registration and Notification Act.

The defendant understands that the maximum statutory punishment that may be imposed for Receipt of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1) as charged in **COUNTS THREE and SIX** is:

a. Imprisonment for not less than FIVE (5) years and not more than TWENTY (20) years;

b. A fine of not more than $ 250,000;

c. Both (a and b);

d. Supervised release of not less than FIVE (5) years and not more than LIFE;

e. Criminal forfeiture;

f. Restitution;

Defendant's Initials _____

    g.  Special Assessment Fee of $100 per count under 18 U.S.C. § 3013; and

    h.  Registration as a sex offender under the Sex Offender Registration and Notification Act.

## II. FACTUAL BASIS FOR PLEA

Justin David Beatty ("defendant") was arrested on August 16, 2012, in Alabama on the state charge of Possession of Child Pornography by Madison Police Department.   Defendant received diversion and the charge was dismissed.

On July 23, 2014, a complaint was received by the parents of M.S. (13 years of age).  M.S. was interviewed on August 1, 2014, and stated that she refused to send the defendant nude photographs of herself despite his threats to her.   The following is a synopsis of the interview.  She met the defendant on the website quotev.com.[1]  The defendant identified himself as an 18 year old boy who lived in northern Alabama.   The defendant asked her to continue to communicate with him via Kik messenger.   Through further correspondence with defendant, he told M.S. that he was depressed but that she could cheer him up if she sent him a photo of herself in her bra and panties.   M.S. said that she continued to change the subject but he kept pressuring her to send a photo.   Eventually, she did send him a photo of her in shorts and a t-shirt pulling up her t-shirt to expose her stomach.   M.S. then

---

1 Quotev is a website for teens who like to read and write stories.   Users can text comments on the stories and message the writers.   The text messages can be posted for all to read or made private.

Defendant's Initials _SDB_

blocked the defendant on her quotev account, because he continued to pressure her. She then received a message via Kik from an individual named Lexi McClan in which McClan told M.S. that the defendant would post her previous photos if she did not unblock him from quotev. Madison then unblocked the defendant. The defendant continued to threaten that he would post the photos of her if she did not send him a photo of herself topless. She relented and sent a photo of herself in a sports bra. This did not satisfy the defendant and he continued to threaten her. She told her parents and stopped communicating with the defendant. This communication was over 2 days.

On August 21, 2014, a federal search warrant was executed on the defendant's residence at 117 Royal Drive, Madison, Alabama. At the time of the search warrant, the defendant was *Mirandized* and signed a written waiver acknowledging his rights and agreeing to be interviewed. The defendant stated that he lived alone in his apartment, he had resided there for approximately 2 years, and that he is the only one who works on the computers or networks in the apartment. He also admitted that he does not share Wi-Fi with any friends. He stated he has 2 cell phones – one is a Samsung and the other is a prepaid phone. The defendant admitted that he uses the prepaid phone when he pretends to be Lexi McClan to contact girls. The defendant further admitted that he contacted 1 or 2 dozen girls

Defendant's Initials ___

and asked them to send him nude photos of themselves.  He stated he cannot remember exactly but most of the girls did it without being threatened.  The defendant stated that there were only 6 at the most he had to threaten in order to get them to send him photos.  He stated that the most recent 3 girls were ages 14 and 13 but he couldn't remember the age of the third girl.  The defendant admitted that when he contacted a girl, he chatted with her for a while, and then he asked them to send him a photo of themselves in a bra.  The defendant stated that once he got the bra photo then he asked for more photos of them exposing themselves.  He further stated that if they didn't send more photos then he threatened to post the photos they had sent him of them in a bra.  The defendant stated that there was child pornography on his Samsung cell phone.  He further admitted that there could also be child pornography on his computer since he downloaded child pornography through a peer to peer program.

During the interview, the defendant was asked for consent to assume his online identities, and he signed an FD-1080 Consent to Assume Online Identity Authorization Form.  The defendant provided usernames and passwords for his online accounts.  As a result of the search warrant, 43 items were seized to be forensically examined.

Defendant's Initials ⏳

In February 2015, Madison City Police Department received a complaint involving the victim, Y.K., (12 years old) and communications the defendant had with her on or about February 19, 2015.   Y.K. was interviewed and stated the following:   She started receiving messages from a Kik account from a person she did not know but she engaged in the exchange of messages.   She blocked the account when he asked her if she liked breasts too.   She then received a message from another Kik account asking her why she blocked him.   Y.K. believed this was the same person and blocked that account as well.   On February 19, 2015, she received an image of a nude female's upper torso with Y.K.'s face on the torso.   The image was sent with a message which stated that if she did not unblock the defendant's account that he would send the photo to everyone at school.   She was so upset that she told a social worker at her school.

As a result of this investigation involving Y.K., on April 9, 2015, the defendant was arrested and prosecuted by the state of Alabama on the charge of Electronic Solicitation of a Child.   He pled guilty to that offense on April 28, 2016 and received a 5 year sentence.

Pursuant to the analysis of the defendant's email account slimbeatty@msn.com and the forensic examination of the defendant's electronic

Defendant's Initials ⟋⟍

devices that were seized on August 21, 2014, multiple victims were revealed and with further investigation many were identified, located, and interviewed.

### Minor 1 [Counts 1, 2 and 3]

Minor 1 was born on December 6, 2001, and she was 12 years old during her communications with the defendant. She lived in Georgia. The defendant received 26 images in his email account from Minor 1 between August 7, 2014 and August 12, 2014. Sixteen of those 26 images adhered to the federal definition of child pornography and 4 of the images displayed facial characteristics.

On August 7, 2014, Minor 1 sent the defendant a photo of her genitalia with the subject line "i hope your happy now". The defendant responded, "merp."[2]

Minor 1 was interviewed on February 25, 2016 by a forensic interviewer at the local police department in Georgia. The following is a synopsis of that interview. Minor 1 met him on quotev.com and told him she was in middle school. She stated that she also told him her date of birth. He told her that he was 15 years old, his name was "James", and lived in Jacksonville, Florida. He told her his birthday was October 1, 1999 and he was in high school. He would tell her to send nude photos of herself to him and she did it but she regretted doing it. He would tell her how beautiful she was and that it wasn't true how she felt about herself. She

---

2 'Merp' is a word for when you really don't know what to say. It's especially useful in situations which are awkward or disappointing in some way.

Defendant's Initials

had told him that she didn't like the way she looked.   Minor 1 stated that the defendant would send her photos of his penis.   The defendant would tell her how to pose and what photos to take and got mad at her if she wouldn't send more nude photos.   Minor 1 positively identified 5 photos of herself, including a photo of her genital area, which were retrieved from the defendant's email account.   She stated that a couple of the photos shown to her were photos that she had sent to another guy that was as demanding as James, directed her in the photos like James, and would get mad at her if she didn't comply like James, but that was not James.   She said she sent the photos to his email account.

**Minor 2 [Counts 4, 5, and 6]**

Minor 2 was born on August 12, 1998, and she was from Texas.   The transmittal of images and videos between Minor 2 and the defendant occurred between March 2013 and April 2014.   Therefore, Minor 2 was between 15 – 16 years of age at the time.

Review of the defendant's email account revealed email communications that were sent to the defendant from Minor 2's email account.   Two of those exchanges are as follows:

12/7/2013    non-pornographic image displaying face-only

3/12/2013    "There you gooooo" (video of Minor 2 – full nudity and face visible)

Defendant's Initials SDB

Minor 2 was interviewed at the local FBI field office in Texas, in July 2016. The following is a synopsis of Minor 2's statements in that interview. The defendant initiated contact with her during an online game called "World of Warcraft." She told the defendant she was 12 or 13 years of age and the defendant told her that he was 22 or 23 years old. The defendant would make contact with her on a regular basis. The conversations moved to texting and eventually the defendant requested that she send him photos of her. She refused to send any sort of inappropriate photos at first but the defendant was very persistent. It was during the Christmas holidays around 2012 when the defendant requested a photo of her with breasts and face as a gift for the holidays. She complied with this request and sent him the photo. Shortly after this photo was sent, she began to receive threats from the defendant via email and text. The defendant would tell her that he was going to share her photo "all over Facebook" and with his friends if she didn't send the photos that he wanted. The threats continued so Minor 2 sent the photos that the defendant demanded to avoid her images being spread online. Sometimes the defendant would request 5 or 6 images and/or videos a day and she would comply. Most of these images and videos were taken at her home located in Texas. The defendant would demand that she photograph different parts of her body including her breasts and vagina and would direct her in certain poses. Minor 2 again

Defendant's Initials ___

explained that she complied with his demands in order to avoid humiliation online. This cycle continued for approximately 2 years. Minor 2 stopped communicating with the defendant in her junior year in high school because she believed that the defendant would not take the risk of getting in trouble by providing the images to others given that she was a minor and he was an adult.

During the interview, Minor 2 was shown 8 images believed to be of her that were sent to the defendant which were located on the defendant's MSN email account. She confirmed all 8 were her and were sent to the defendant by her. One of those images was a close up photo of the female genitalia and one was a full frontal body photo exposing her breasts and female genitalia.

### Minor 3 [Counts 7, 8, and 9]

Minor 3 was born on March 19, 2001, was in middle school, and lived in Minnesota. Review of the defendant's email account revealed a transmittal of images and a video between the defendant and Minor 3 which occurred on February 23, 2014. Minor 3 was 12 years old at the time. The following are email communications that were exchanged between the defendant (slimbeatty@msn.com) and Minor 3 on February 23, 2014:

> Defendant:   "so u wanna do something? ;3"
> Minor 3:     ";3 yep"
> Defendant:   "i mean like..sexuall..>.<"
> Minor 3:     "hehe i know we can do rp"

Defendant's Initials _JVB_

| | |
|---|---|
| Defendant: | "i meant more than that...if u had a cam..;3... i could do it first if u want.." |
| Minor 3: | "well lets just rp.. i cant do that with cam srry baby" |
| Defendant: | "noone will know but us <.<" |
| Minor 3: | "ik but i just can't" |
| Defendant: | "whyyyyyy xD" |
| Minor 3: | "srry i cant lets just do dirty rp" |
| Defendant: | "maybe ;3" |
| Minor 3: | ";)  *kisses you deep*" |
| ....... | |
| Defendant: | "ill gladly do what u want, if u do what i want too ;33" |
| Minor 3: | "i do ;) *smirks and kisses you*" |
| Defendant: | "not sure if u read it correctly" |
| Minor 3: | "oh i didnt XD" |
| Defendant: | "so, up to you ;3" |
| Minor 3: | "grrr idk" |
| Defendant: | "like i said, i can do it first if u want ;3" |
| Minor 3: | "well it wouldn't be fair if you sent pics or videos and i didn't cuz thts wats gonna happen >.<" |
| Defendant: | "its just 1 pic of you, topless. thats all u gotta do ;3 " |
| Minor 3: | ">,< *sigh* idk" |
| Defendant: | "ull get to see my D and ill do RP with u ;3" |
| Minor 3: | "hmm.. fine" |
| Defendant: | "k leme send first ;3" |
| Minor 3: | "ok ^.^" (image sent) |
| Defendant: | "merp..." |

The defendant's email account also revealed the following correspondence

with Minor 3 on February 23, 2014:

| | |
|---|---|
| Defendant: | "youd have to practice sucking on it; 3" |
| Minor 3: | ";3 yea" |
| Defendant: | "keep trying, or use diff email :p" |
| Minor 3: | "Mmmmmm…" (one image of breasts) |
| Minor 3: | "here ya go ;)"  (one image of vagina being spread with hands) |

Defendant's Initials JDB

Minor 3:          "i dont have a different email tell me if it works"   (one
                  video depicting insertion of a purple/yellow marker into
                  vagina.   Date stamp on the video reads "movie on 2-23-
                  14 at 7:56 pm).

Neither of the images nor the video described above sent by Minor 3 to the

defendant displayed her face or any other feature which could be identifiable.

Minor 3 was interviewed in August 2016 at her home in Minnesota.  Her

father along with FBI Special Agent Kathryn Morrissey and Supervisory Special

Agent Daniel Genck were present.   Minor 3 identified her previous email address

that she used when she was in middle school which was the same email address that

communicated with the defendant but stated she did not recognize the name "Justin

Beatty" or the email address of slimbeatty@msn.com.  She denied sending nude

images to anyone and stated that her sister might have used her email account.

Agents met with her sister who denied sending emails or images with that

account.   Minor 3's father stated that he believed that Minor 3 would not admit to

the photos in front of him or SSA Genck.   Therefore, the interview with Minor 3

continued with only SA Morrissey.   The following is a synopsis of Minor 3's

statements in that interview.   She admitted that she did send nude photographs and

videos to multiple people in the past, including her boyfriend, an ex-boyfriend, and

another guy (n/k/a the defendant and heretofore referenced as such) that she met on

Defendant's Initials JDB

the website Emopoint.com.   Emopoint no longer exists but it re-routes users to another site called SceneKids.com.[3]   When the defendant approached her on Emopoint.com, she stated she thinks she was in 7th grade.   The defendant requested she send him nude photos and she complied.   When the defendant asked her to masturbate and use a toy, she chose to use a marker.   Minor 3 started crying and stated she had a really hard time in the 6th and 7th grades due to bullying.   She stated she believed she was 12 or 13 at the time she took and sent the photos and video. She stated she was in her bedroom at her house in Minnesota.   The defendant threatened her and stated that he would post the photos that she sent on Emopoint.com if she did not send more photos.   Minor 3 refused and stopped communicating with the defendant after that.   The orange jelly bracelet that she wore in the video sent to the defendant was a type of bracelet that Emo kids wore to cover up self-harm.   Minor 3 used to be a "cutter" and showed SA Morrissey the scars on both of her arms.

SA Morrissey showed Minor 3 six (6) images, which included 2 photos and 4 stills taken from the video which were located in the defendant's email account. Minor 3 recognized each image as the material she had sent to the defendant around

---

3 SceneKids.com is a free community and chat site located through Twitter.com and is geared towards children involved in the "emo" lifestyle.   The emo subculture is a lifestyle based on emocore, or emotional hardcore punk rock music.   Youth of this subculture often wear dark clothing and have dramatic dark hair and makeup.

Defendant's Initials ___

2014. Even though Minor 3 did not recall the name "Justin Beatty" or his email address of slimbeatty@msn.com, she identified herself as the person in the photographs and video and admitted that she had sent them with her email address which was the same email address that was communicating with the defendant.

**Minor 4 [Count 10]**

On July 27, 2016, agents made contact with the parents of Minor 4 of North Carolina. During the conversation with her parents, it was discovered that Minor 4 was born on March 25, 1997, had married, and lived in Virginia.

Review of the defendant's email account revealed the transmittal of the images between the defendant and Minor 4 occurred in April 2014. Therefore, Minor 4 was 17 years old at the time.

The following are 2 email communications sent to the defendant's email address from Minor 4. Those exchanges occurred on April 17 and April 18, 2014 and were as follows:

| | |
|---|---|
| April 17, 2014 | (1 image that depicted a nude female laying on her side on the floor) |
| April 18, 2014 | (1 image which depicted a nude female sitting on the floor in front of a window. Her legs were spread so that her genital area was exposed.) |

On August 30, 2016, Minor 4 met with the Task Force Officer Ouellette for an interview at the local police department in North Carolina. The following is a

Defendant's Initials JDB

synopsis of Minor 4's statements in that interview.   Minor 4 was shown both photos which were sent from the accounts listed above to the defendant's email account on April 17 and April 18, 2014.   Minor 4 positively identified herself as the female depicted in both photos.   She said she took the image of herself while she was in her bedroom at her parents' previous residence in North Carolina.   She also positively identified the email account as an email address she previously used, and she recalled the email address slimbeatty@msn.com as an email address belonging to a man whom she engaged in an online dating relationship with.   To the best of her recollection, this man's name was either "Jake" or "Justin" or a name that started with a "J."   Minor 4 first met the defendant sometime in the spring of 2013-2014 through a website called Scenekids.com, and the defendant's user name was "Dark Knight."   Soon after they began communicating, their conversations moved to email and texting.   Her online relationship with the defendant lasted about 2 months.   Minor 4 was under the impression that the defendant was 21 years old and living in the United Kingdom.   During her online relations with him, Minor 4 recalls sending at least 3 or 4 explicit images to him through email or through "Pinger."[4]

---

4 Pinger allows you to make unlimited phone calls and send unlimited text messages for free from your iPhone, iPod Touch, iPad or Android.

Defendant's Initials

**Minor 5 [Counts 11, 12, and 13]**

Minor 5 was born on November 1, 1999, and lived in Kentucky.   Review of the defendant's email account revealed the transmittal of the images between the defendant and Minor 5 occurred between July 31, 2014 and August 6, 2014. Therefore, Minor 5 was 14 years old at the time.   A total of 22 images which displayed characteristics of federal child pornography were sent from Minor 5's email account to the defendant's email account (slimbeatty@msn.com).   Review of the defendant's email account revealed many email communications exchanged between the defendant and Minor 5.   Some of those exchanges are as follows:

| | |
|---|---|
| 7/31/2014 at 6:36 pm | 1 image of a female in a purple bra |
| 7/31/2014 at 8:32 pm | 1 image displaying a female body from the shoulders to the knees with panties on and breast nudity |
| 7/31/2014 at 8:39 pm | 2 images:   both display a female body from the neck to the hip area, both have panties on and breast nudity, and both show the girl touching her genitals |
| 7/31/2014 at 9:05 pm | 2 images:   both depict a nude female touching her genitals |
| 7/31/2014 at 9:16 pm | 3 images:   1 with breast nudity; 2 depict a nude female touching her genitals |
| 7/31/2014 at 9:21 pm | 2 images:   1 non-pornographic; the other depicts a nude female touching her genitals |
| 7/31/2014 at 9:30 pm | 1 image depicting a nude female on her hands/knees with her buttocks and genital area exposed |
| 7/31/2014 at 9:35 pm | 1 image depicting female genitalia |
| 8/5/2014 at 2:07 pm | 2 images depicting fully exposed female genitalia |

Defendant's Initials _____

| | |
|---|---|
| 8/6/2014 at 7:15 pm | 1 image depicting a female's nude buttocks and gental area |
| 8/6/2014 at 7:28 pm | 1 image displaying breast nudity |
| 8/6/2014 at 8:21 pm | 3 images:  1 in a purple bra; 1 touching genital area; and 1 depicting full genital nudity |
| 8/6/2014 at 8:48 pm | 2 images depicting full female nudity |
| 8/6/2014 at 8:53 pm | 1 image depicting full female nudity |
| 8/6/2014 at 9:07 pm | 1 image of female inserting object into vagina |
| 8/6/2014 at 9:56 pm | 2 images of female inserting object into vagina |
| 8/6/2014 at 10:06 pm | 2 images of female inserting object into vagina |

A forensic analysis of the defendant's seized physical devices revealed the following exchange of emails between the defendant and Minor 5:  After several emails back and forth, on July 31, 2014, the defendant asked Minor 5, "can i see a pic of boobs, then a pic of ur v? ;) am rly hard."  Approximately 90 minutes later, Minor 5 sent a picture of a topless female.  Less than a minute after receiving the picture, the defendant replied, "soooo hot ;) can u do it while fingering yourself? <3."  A few minutes later, Minor 5 sent the defendant a photo of a topless female with her hand in her panties.  The defendant's correspondence with Minor 5 continued and on or about August 3, 2014, the defendant sent an email stating "just do ur promise then don't do anymore after we're done…?"  In the defendant's next several emails sent to Minor 5, he stated "try to <3  you're beautiful," "just do ur promise," "if u dont keep ur promise then i wont keep mine :l," "I promise not to spread it," "then just do ur promise-.-."

Defendant's Initials 5DB

On or about August 5, 2014, Minor 5 sent the defendant an email with 2 photos attached showing a female's exposed genitals.   The text of Minor 5's email was simply, "Sorry."   The defendant responded, "very tasty ;)."

On or about August 6, 2014, the defendant sent emails to Minor 5 stating "shove something inside ;)" then "idk, anything dick shape'ish xD a brush handle idk."   Minor 5 then sent a photo of a hand inserting an object into a female's genitalia.   On or about August 8, 2014, the defendant sent emails to Minor 5 stating, "dont ignore…" and "if you're gonna keep ignoring then ill do what I said :l."   On or about August 9, 2014, the defendant sent an email to Minor 5 stating, "am going to post today."   On or about August 11, 2014, the defendant sent his last email to Minor 5 stating, "how are you[?]"

On October 4, 2016, Minor 5 was interviewed by a forensic interviewer at the local fire station in Kentucky.   The following is a synopsis of that interview. Minor 5 initially did not remember sending rude photos of herself to anyone other than past boyfriends and girlfriends.   She did not recognize the names Justin Beatty or his email address.   While viewing several of the sanitized photos, she positively identified herself in the photos, pointing out the walls of her bedroom and saying that she knew the pictures were of her.   She later remembered meeting and communicating with a guy she sent the photos to (a/k/a the defendant) on

Defendant's Initials JDB

quotev.com.   After about a month of communications, they exchanged email addresses and started emailing one another.   The defendant then requested nude photos of her.   She refused and the defendant continued to ask for photos.   On one occasion, she sent a photo showing her cleavage.   After sending that photo, the defendant stated he would post that photo all over the internet if she did not send him nude photos.   The defendant then directed her to send certain types of photos and to use an object.

### Minor 6 [Counts 14, 15, and 16]

Minor 6 was born on June 30, 1999, and lived in Indiana.   Review of the defendant's email account revealed email communications that were sent to the defendant's email address (slimbeatty@msn.com) from Minor 6's email address between February 9, 2014 and February 15, 2014.   Therefore, Minor 6 was 14 years old at the time.   Those exchanges are as follows:

| | |
|---|---|
| 2/9/2014 at 7:39 pm | "there" (1 image of a female in panties, nude from the waist up) |
| 2/9/2014 at 7:58 pm | "there" (1 image of a female nude from the waist up) |
| 2/11/2014 at 12:31 am | "happy now" (1 full nude image of a female) |
| 2/12/2014 at 5:54 pm | (nude image of a female) |
| 2/15/2014 at 6:58 pm | "Therez the first 1" (1 video of a female undressing – full nudity) |
| 2/15/2014 at 7:46 pm | "therez the second 1…my dad came knockin on |

Defendant's Initials ꓘꓦꓐ

the door so yea but there ya go" (1 video of a
female – full nudity)

Further review of the defendant's email account revealed email
communications that occurred between the defendant (slimbeatty@msn.com) and
Minor 6. Excerpts of those email exchanges occurred as follows:

February 9, 2014

| Minor 6 | "My name is [Minor 6]" |

February 11, 2014

| | |
|---|---|
| Slimbeatty | "U could send a pic again cutie" |
| Minor 6 | "Naw X3" |
| Slimbeatty | "It was more of a demand.   Not a question ;) lol" |
| Minor 6 | "Sux 4 u XD" |
| Slimbeatty | "I'm the one with two nudes of u…so…you know what that means lol." |
| TE. Max | "Wat r u talkin about?" |
| Slimbeatty | "Would be a shame if the pics leaked. Idk. Just saying" |
| Minor 6 | "Wait wat?! U said that if I did that pic u wouldn't speak about it again!" |
| Slimbeatty | "Rule #1 in love…..so whats it going to be…" |
| Minor 6 | "So ur just gonna make me take picz 4 u???" |

February 15, 2014:

| | |
|---|---|
| Simbeatty | "Use your phone. Record a video of you stripping. Then email it to me. This isn't a ques…" |
| Minor 6 | "I can't rite now…I'm cleaning but I will later" |
| Slimbeatty | "Again. Not a question. Go do :3" |
| Minor 6 | "Plz can I do it later? Plz Ill do it just not rite now" |
| Slimbeatty | "…" |
| Minor 6 | "Plz? I'm begging u" |
| Slimbeatty | "Make it supr sexual. And fully strip completely" |

Defendant's Initials _____

| | |
|---|---|
| Minor 6 | " Ok I promise I will" |
| Slimbeatty | "Soon…..or..ya…." |
| Minor 6 | "Ok…just gimme a couple hourz" |
| Slimbeatty | "One hour max….or….." |
| Minor 6 | "Hey, itz gonna b more than an hour but when I get done imam take a shower nd when I get out I wo't even dry off" |
| Slimbeatty | "Make a video of u sexually stripping fully before shoer. Then a video when U grt out wet. Send both. Since ur mak…" |
| Minor 6 | "Ok" |
| Slimbeatty | "Hurry" |
| Minor 6 | "Ik just give me time…I'm rushing" |
| Slimbeatty | "Mmhm" |
| Minor 6 | "Ok, imam do athe first video in a few min" |
| Slimbeatty | "Ok" |
| Minor 6 | "Beware…I'm ugly…;-;" |
| Slimbeatty | "Do it….." |
| Minor 6 | "Do wat?" |
| Slimbeatty | "Send them!" |
| Minor 6 | "I sent 1 of em! I'm finishing my shower!" |
| Slimbeatty | "Ok I got it. Make sure to play with urself in the next one and show entire wet body while playing with urself. Make it long ;)" |

Subpoenas to Sprint revealed the subscriber of Minor 6's email address as D.R. of Indiana during the period of February 9, 2014 to February 15, 2014. Investigative research of Minor 6's email address linked the account to a Facebook account of Minor 6 whose last post was July 9, 2015.  A photo found on Minor 6's Facebook page depicted her face which was a match to the faces displayed in all 4 images and 1 of the videos sent by Minor 6 to the defendant.

Defendant's Initials _JDB_

D.R. was interviewed in September 2016 in Indiana by the FBI.  D.R. identified a still image from one of the videos as his step-daughter, Minor 6, age 17. The agent did not interview Minor 6.

The Internet is an instrumentality of interstate commerce. *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004).   Telephones and cellular telephones are instrumentalities of interstate commerce, even when they are used intrastate. *United States v. Evans*, 476 F.3d 1176, 1180-81 (11th Cir. 2007).

Pursuant to the forensic report dated August 16, 2019, more than 70 photos and videos of possible child pornography of identified victims were located within the defendant's email account slimbeatty@msn.com.  Of those, identical copies of more than 60 were located on physical devices seized from the defendant's residence in or around August 2014.  Communications pertaining to the victims were also located.  Some of those communications contain attachments of child pornography.

In addition to containing hundreds of sexually explicit photos and videos of females appearing to be teenagers or young adults, data extracted from the Samsung Galaxy SII cellular phone seized from Justin Beatty's residence in August 2014 contained web history data suggesting it was used to access the defendant's email account slimbeatty@msn.com over the Internet.

Defendant's Initials _SDB_

Defendant expressly admits that he produced the child pornography— specifically, the videos and images described in this section.  The defendant also expressly admits that the videos and images were produced using an electronic device whose components have been mailed, shipped, or transported in or affecting interstate commerce.

Defendant expressly admits that he used a means of interstate commerce to persuade, induce, entice and coerce the victims who he knew to be under 18 years of age to engage in sexual activity to which he could be charged with a criminal offense.  Defendant further admits that he knowingly received an item of child pornography which had been transported in interstate commerce.

Furthermore, on or about October 16, 2019, when the defendant was arrested in Tennessee on the indictment in this matter, agents in Tennessee obtained a federal search warrant for the defendant's electronics.  Pursuant to a forensic examination of those devices, child pornography was located on the defendant's laptop and a SanDisk thumb drive.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do**

Defendant's Initials ᴊᴅᴮ

not constitute all of the evidence of each and every act that the defendant and/or

any co-conspirators may have committed.

JUSTIN DAVID BEATTY

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct

and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend

the following disposition:

a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term of 50 years total ( 25 years on count 1 to run consecutively to count 4; 25 years on count 4 to run consecutively to count 1; 10 years on counts 2, 3, 5, & 6 to run concurrently with all other counts);

c) That following the said term of imprisonment, the defendant be placed on supervised release for a period of life, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special conditions:

Defendant's Initials

1. That the defendant be required to be registered as a sex offender for the full term of his supervised release or for the full term provided for under the law of the jurisdiction he chooses as his domicile, whichever is longer;

2. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer. This includes prohibiting the defendant from having any contact with any child by telephone or the Internet. The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

3. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

4. That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program.

Defendant's Initials ⟪illegible⟫

The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay; and

5. That the defendant be prohibited from using any computer, or any other device (including a cell phone), with Internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device (including a cell phone) that the defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the

Defendant's Initials 3 DB

defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer;

d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

e) That the defendant be required to pay restitution in an amount to be determined by the Court;

f) That the defendant pay a special assessment fee of $600, said amount due and owing as of the date sentence is pronounced;

g) Should the Government learn that the defendant has sexually abused or assaulted any minor or committed any other crime of violence or if any other victim should come forward prior to the defendant's sentencing, this agreement is considered **NULL AND VOID**.

Defendant's Initials JDB

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, JUSTIN DAVID BEATTY, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose.   Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

> (a)   Any sentence imposed in excess of the applicable statutory maximum sentence(s);
>
> (b)   Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

Defendant's Initials JDB

  (c) Any claims of ineffective assistance of counsel.

  The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

  I, JUSTIN DAVID BEATTY, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

       _____

       **JUSTIN DAVID BEATTY**

## V. UNITED STATES SENTENCING GUIDELINES

  Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

Page **30** of 40

Defendant's Initials JDB

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to**

Defendant's Initials JDB

make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in his sole discretion.

IX. **OTHER DISTRICTS AND JURISDICTIONS**

With the exception of the United States Attorney for the Eastern District of Tennessee in the October 2019 investigation referenced on page one, the defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

X. **COLLECTION OF FINANCIAL OBLIGATION**

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs.  The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful.  Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to

Defendant's Initials JDB

evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any. Furthermore, the defendant also agrees to pay any appropriate restitution as a result of the October 2019 investigation in the Eastern District of Tennessee.

Defendant's Initials

## XII.  TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

### Immigration

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

### Forfeiture

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the

Defendant's Initials JDB

defendant has or had during that time any financial interest.   The defendant agrees

to take all steps as requested by the Government to obtain from any other parties by

any lawful means any records of assets owned at any time by the defendant.   The

defendant agrees to consent to the immediate entry of a final forfeiture judgment

against him, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all property involved in or

used in the commission of the offenses in the Indictment including but not limited

to the following: **(1)   Samsung SGH-1777 smartphone with IMEI**

**358055043570649; (2)   AT&T SIM Card 89014104276603924057; (3)   RCA**

**tablet Model: RCT 6272W23; (4)   RCA Tablet S/N: RS101DL8C1450 Model:**

**RCT6103W46; (5)   8 GB SanDisk Thumb Drive S/N: 20053753530F1D81; (6)**

**SanDisk 4 GB Micro SD Card.**

For purposes of entering said order of forfeiture, the defendant acknowledges

that a nexus exists between the property listed above and the criminal offense(s) to

which the defendant is pleading guilty.

The defendant agrees to take all steps as requested by the Government to pass

clear title to forfeitable assets to the Government, and to testify truthfully in any

judicial forfeiture proceeding.   The defendant hereby waives the requirements of

Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the

charging   instrument,   announcement   of   the   forfeiture   at   sentencing,   and

Defendant's Initials ⟨initials⟩

incorporation of the forfeiture in the judgment.  The defendant also waives the requirements of Federal Rules of Criminal Procedure 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement.  The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

### Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any

Defendant's Initials JDB

underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## XIII.  SEX-OFFENDER REGISTRATION

The defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to Title 18 U.S.C. § 3583(d) and this Plea Agreement. The defendant also understands that, independent of supervised release, he will be subject to federal and state sex-offender-registrant requirements, and that those requirements may apply throughout his life and may be initiated by the entering of his plea of guilty or a finding of guilt, regardless of whether a sentence has been imposed or adjudication has been withheld. The defendant understands that he shall keep his registration current, shall notify the state sex-offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or

Defendant's Initials ____

student status, or other relevant information.   The defendant shall comply with requirements to periodically verify in person his sex-offender registration information.   The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex-offender registration requirements.   If defendant resides in Alabama prior to incarceration or following release from prison, he will be subject to the registration requirements of Alabama Code §§ 15-20A-1, et seq., 13A-11-200, et seq., and other relevant Alabama law, which includes a registration requirement after a plea of finding of guilt.   The defendant further understands that, under Title 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

## XIV. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of **40 (forty)** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption

Defendant's Initials SDB

of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: _____None_____

[State "None" if no drugs, medications, or alcohol within past 48 hours.]

I understand that this Plea Agreement will take effect and will be binding as to the parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

_9/3/20_
DATE

_____
JUSTIN DAVID BEATTY
Defendant

Defendant's Initials _JDB_

## XV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.   My client has conveyed to me that my client understands this Agreement and consents to all its terms.   I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.   I concur in the entry of the plea on the terms and conditions set forth herein.

September 18, 2020
DATE

JAMES GIBSON
Defendant's Counsel

## XVI. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

9/21/2020
DATE

R. LEANN WHITE
Assistant United States Attorney

Page **40** of **40**

Defendant's Initials ___