Case 5:19-cr-00482-LSC-HNJ   Document 50   Filed 05/26/21   Page 1 of 7

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

FILED
 2021 May-26  PM 04:22
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

v.                                                                  Case Number 5:19-CR-482-LSC-HNJ-1

JUSTIN DAVID BEATTY
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, JUSTIN DAVID BEATTY, was represented by James Gibson.

On motion of the United States, the court has dismissed counts 7 through 16 as to this defendant only.

The defendant pleaded guilty to counts 1, 2, 3, 4, 5, and 6. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Count Numbers |
|---|---|---|
| 18 U.S.C. § 2251(a) | Production of Child Pornography | 1 and 4 |
| 18 U.S.C. § 2422(b) | Coercion and Enticement | 2 and 5 |
| 18 U.S.C. § 2252A(a)(2) | Receipt of Child Pornography | 3 and 6 |

As pronounced on May 26, 2021, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $600.00, for counts 1, 2, 3, 4, 5, and 6, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 26th day of May, 2021.

L. Scott Coogler
United States District Judge
173538

Case 5:19-cr-00482-LSC-HNJ   Document 50   Filed 05/26/21   Page 2 of 7

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant: JUSTIN DAVID BEATTY
Case Number: 5:19-CR-482-LSC-HNJ-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of THREE HUNDRED SIXTY (360) months as to count 1, THREE HUNDRED SIXTY (360) months as to count 4 and SIX HUNDRED (600) months as to counts 2, and 5 and TWO HUNDRED FORTY (240) months as to counts 3, and 6 to run concurrently with one another and all other counts for a total sentence of SIX HUNDRED (600) months.

The Court makes the following recommendations to the Bureau of Prisons: The court recommends that defendant be housed in a facility that would allow the defendant to participate in a sex offender management program should the Bureau of Prisons deem him eligible for that program. The court would also ask that the defendant be housed in a facility close to Clinton, TN, but asks that the sex offender management program take precedent over any other request from this Court.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

United States Marshal

By _____
Deputy Marshal

Case 5:19-cr-00482-LSC-HNJ   Document 50   Filed 05/26/21   Page 3 of 7

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 6

Defendant:  JUSTIN DAVID BEATTY
Case Number:  5:19-CR-482-LSC-HNJ-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of the defendant's LIFE.  The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced (if placed on probation) or released from custody (if supervised release is ordered), unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not commit another federal, state, or local crime.
4) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers). Revocation of supervision is mandatory for possession of a firearm.
5) You must not unlawfully possess a controlled substance.
6) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. You must contribute to the cost of drug testing unless the probation officer determines you do not have the ability to do so. Based upon a court order entered during the period of supervision for good cause shown or resulting from a positive drug test or evidence of excessive use of alcohol, you shall be placed in the Substance Abuse Intervention Program (SAIP) (or comparable program in another district).
7) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
8) You must follow the instructions of the probation officer related to the conditions of supervision.
9) You must answer truthfully the questions asked by the probation officer.
10) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. (If you have been convicted of a crime of violence or a drug trafficking offense, the probation office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b) and (c) if you change your residence.)
11) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
12) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or the job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
13) You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
14) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
15) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
16) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk, and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
17) You must fully and truthfully disclose financial information as requested by the probation officer related to the conditions of supervision. Financial information may include, but is not limited to, authorization for release of credit information, bank records, income tax returns, documentation of income and expenses, and other financial information regarding personal or business assets, debts, obligations, and/or agreements in which the defendant has a business involvement or financial interest.
18) You must support all dependents.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 6

Defendant:  JUSTIN DAVID BEATTY
Case Number:  5:19-CR-482-LSC-HNJ-1

**CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE**

19) You must comply with the probation office's Policies and Procedures Concerning Court-Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case.  Further, you must notify the probation officer of any change in your economic circumstances that might affect your ability to pay a fine, restitution, or assessment fee.  If you become more than 60 days delinquent in payments of financial obligations, you may be: (a) required to attend a financial education or employment preparation program under the administrative supervision of the probation officer; (b) placed on home detention subject to location monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (and you must pay the cost of monitoring unless the probation officer determines you do not have the ability to do so); and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (and you must pay the cost of subsistence unless the probation officer determines you do not have the ability to do so).

Case 5:19-cr-00482-LSC-HNJ   Document 50   Filed 05/26/21   Page 5 of 7

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 6

Defendant:  JUSTIN DAVID BEATTY
Case Number:  5:19-CR-482-LSC-HNJ-1

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) You must cooperate in the collection of DNA under the administrative supervision of the probation officer.
2) The requirement that you submit to mandatory drug testing is suspended based upon the court's determination that you pose a low risk of future substance abuse.
3) You must participate in a mental health treatment program under the administrative supervision of the probation officer, and you must comply with the requirements and rules of the program. You must contribute to the cost of treatment unless the probation officer determines you do not have the ability to do so.
4) You must comply with the requirements of the Sex Offender Registration and Notification Act
(34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any
state sex offender registration agency in the locations where you reside, work, are a student, and
were convicted of a qualifying offense.
5) You must participate in an approved sex offense-specific treatment program under the administrative supervision of the probation officer, and you must comply with the requirements and rules of the program. This program may include: a psycho-sexual evaluation; family, group, and/or individual counseling; and psychological and clinical polygraph testing. The results of the polygraph examinations may not be used as evidence in court for the purpose of revocation of supervision, but may be considered in a hearing to modify conditions of release. While participating in treatment, you must abide by all rules and requirements of the program. You must notify the probation officer prior to canceling or rescheduling a treatment or polygraph session. You must contribute to the cost of treatment and polygraph testing unless the probation officer determines you do not have the ability to do so.
6) You must participate in the Computer and Internet Restriction/Monitoring Program (or comparable program in another district) under the administrative supervision of the probation officer, and you must follow the requirements of the program. This program includes the following: (a) You must not possess or use any computer or Internet capable device without the prior approval of the probation officer or the court. You must notify the probation officer before altering or effecting repairs to any computer or Internet capable device you use. (b) You must permit the probation officer to conduct periodic, unannounced examinations of any computer and Internet capable device you use, other than equipment owned by your employer that is maintained at a place of employment other than your home. The examination may include the retrieval and copying of all data from the computer or Internet capable device, and internal or external peripheral equipment, and any software. (c) You must allow the installation of hardware/software on any Internet capable device you use, other than equipment owned by your employer, that will enable monitoring of your computer and/or Internet use and compliance with conditions of probation or supervised release.  You must submit to such monitoring and shall pay the cost of such monitoring under the administrative supervision of the probation officer.  You must consent to the placement of a notice on any computer or Internet capable device upon which monitoring hardware/ software is installed to warn others of the existence of the monitoring, and you must warn other people who use these computers or Internet capable devices that the computers or devices may be subject to searches pursuant to this condition. (d) You must not use any computer or Internet capable device owned by your employer except for the strict benefit of your employer in the performance of your job-related duties. (e) You must consent to third-party disclosure to any employer or potential employer of any computer and/or Internet use restrictions which have been imposed upon you. (f) You must provide the probation officer with accurate information about all hardware and software which comprise any computer system and/or Internet capable device you use; all passwords you use; and information pertaining to all Internet service providers you use, whether specifically subscribed by you or not. (g) You must provide personal and business billing records of any computer or Internet capable device you own or use upon request by the probation officer, and you must provide the probation officer with written authorization for release of information from the service provider of any Internet capable device you use (other than equipment owned by your employer). (h) You must not possess or use any type of data encryption or stenography software or technique. You must not alter, delete, or hide records pertaining to computer or Internet capable device, access, retrieval, or storage.
7) You must participate in the Sex Offender Community Safety Program (or comparable program in another district) under the administrative supervision of the probation officer, and you must follow the requirements of the program. This program includes that: (a) You must not possess any material that depicts and/or describes "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), which, taken as a whole, would appeal to the prurient interest, and which lacks serious literary, artistic, political, or scientific value (unless approved in advance by the treatment provider for treatment purposes). "Material" includes, but is not limited to, pictures, photographs, books, writings, drawings, videos, or video games. (b) You must not possess bindings, blindfolds, restraints, handcuffs, or sadomasochistic paraphernalia. (c) You must not go to adult-themed stores or strip clubs and must not subscribe to or utilize sex-related adult telephone numbers or websites. (d) All out of district travel must be requested at least thirty (30) days in advance, and you shall be subject to sex offender registration and notification requirements and laws of the jurisdiction in which you travel. (e) You must not obtain or use a postal box, commercial mail receiving agency, or storage space without the prior approval of the probation officer or the court. (f) You must provide personal and business billing records of any Internet capable device you own or use upon request by the probation officer. Furthermore, you must provide the probation officer with written authorization for release of information from the service provider of any Internet capable device you own or use. (g) You must not associate with any individual convicted of a sex offense, except in a treatment setting, without the prior approval of the probation officer.  (h) You must not have any association or unsupervised contact with a minor under the age of 18 years without the prior approval of the probation officer. (i) If you enter into a dating, intimate, romantic, sexual, or marriage relationship with a person who you know has a minor child under the age of 18 years, you must notify the probation officer prior to engaging in that relationship, or promptly upon gaining such knowledge, and you must cooperate with the probation officer to notify that person of your prior sex offense conviction. (j) If your personal or criminal history

reflects that you have committed a sex offense in which any victim was a minor under the age of 18 years, you must not possess children's books, clothing, toys, games, videos, or similar material without the prior approval of the probation officer. Failure to comply with these program requirements may subject you to increased treatment requirements and/or to home detention subject to location monitoring for a period of up to ninety (90) days under the administrative supervision of the probation officer, for which you must pay the cost of monitoring unless the probation officer determines you do not have the ability to do so.

8) You must submit your person, property, house, residence, vehicle, office, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media, to a search conducted by the probation officer. Failure to submit to a search may be grounds for revocation of supervision. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of supervision and the areas to be searched contain evidence of this violation. Any search must be conducted in a reasonable time and in a reasonable manner.

Case 5:19-cr-00482-LSC-HNJ   Document 50   Filed 05/26/21   Page 7 of 7

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 6

Defendant: JUSTIN DAVID BEATTY
Case Number: 5:19-CR-482-LSC-HNJ-1

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

a. One (1), Samsung smartphone, Model: SGH-1777, IMEI: 358055043570649, S/N: R22BB91266A, SKU: 65323;
b. One (1), AT&T SIM Card 89014104276603924057;
c. RCA Tablet, Model: RCT6272W23, S/N: YM281DL1A0526;
d. RCA Tablet, Model: RCT6103W46, S/N: RS101DL8C1450;
e. 8GB SanDisk Thumb Drive S/N: SDCZ51-008G B11206ZQRB;
and f SanDisk 4GB Micro SD Card S/N: 1011004689059
.