Case 5:19-cr-00482-LSC-HNJ   Document 62-1   Filed 06/27/22   Page 1 of 10
USCA11 Case: 21-11979   Date Filed: 05/27/2022   Page: 1 of 10

FILED
2022 Jun-27  AM 10:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 21-11979

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                            Plaintiff-Appellee,

*versus*

JUSTIN DAVID BEATTY,

                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:19-cr-00482-LSC-HNJ-1

_____

Case 5:19-cr-00482-LSC-HNJ   Document 62-1   Filed 06/27/22   Page 2 of 10
USCA11 Case: 21-11979   Date Filed: 05/27/2022   Page: 2 of 10

2                    Opinion of the Court                  21-11979

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Justin Beatty appeals his 600-month sentence of imprisonment for child pornography offenses involving two minors that he coerced into producing pornographic images for him. For Beatty's crimes, the district court imposed a fifty-year sentence, varying upward from the United States Sentencing Guidelines' advisory range for his offenses by 195 months. On appeal, Beatty argues that his sentence is disproportionate to his conduct and similarly situated offenders, and he contends that the district court's variance was unjustified. After careful review, we affirm.

I.

Pursuant to a sixteen-count indictment, Beatty was charged with five counts each of production of child pornography and coercion and enticement of a minor, and six counts of receipt of child pornography. Beatty eventually pleaded guilty to six counts related to his illicit conduct with two minors, identified as Minor 1 and Minor 2. Minor 1 was twelve years old when Beatty contacted her on a website and told her that he was fifteen years old. Over the course of their communications, Beatty received twenty-six images from Minor 1, sixteen of which were pornographic. One photo of Minor 1's genitalia was sent to Beatty with a message that stated, "i hope your happy now." Minor 2 was fifteen years old when Beatty contacted her through an online video game. Beatty and Minor 2 also

Case 5:19-cr-00482-LSC-HNJ   Document 62-1   Filed 06/27/22   Page 3 of 10
USCA11 Case: 21-11979   Date Filed: 05/27/2022   Page: 3 of 10

21-11979               Opinion of the Court                3

communicated *via* text message, and he eventually began requesting photos. She refused Beatty's initial solicitations, but he persisted. After Minor 2 sent Beatty a topless photo, he began to request photos of other parts of her body and threatened to disclose the initial photo if she refused to comply with his demands. Beatty continued to threaten Minor 2 for photos for almost two years, until she stopped responding to his requests.

Beatty's plea agreement also contained the factual basis for the remaining ten charges, which consisted of his contact with four other minors, and conceded that they could be used in his sentencing. As with Minor 1 and Minor 2, Beatty sought out each of the minors online, persuaded the girls to send him a revealing photo, and threatened to disclose the photo if they refused to comply with his demands for increasingly illicit images. The worst of these incidents involved Beatty pressuring two minors—one twelve years old, the other fourteen—to photograph themselves inserting objects into their genitalia.

These were not Beatty's first child-pornography offenses. In 2012, Beatty was arrested by Alabama authorities for possession of child pornography. He participated in a pre-trial diversion program and was not prosecuted for that conduct. In 2015, after the actions giving rise to the current offenses, Beatty was again arrested in Alabama and charged with electronic solicitation of a child. Beatty pleaded guilty and admitted that he requested pornographic images from a twelve-year-old girl by altering a nude photo to make it depict the minor, then threatening to release the photo if she did

Case 5:19-cr-00482-LSC-HNJ   Document 62-1   Filed 06/27/22   Page 4 of 10
USCA11 Case: 21-11979   Date Filed: 05/27/2022   Page: 4 of 10

4                      Opinion of the Court                    21-11979

not continue communicating with him. Beatty was sentenced to five years' imprisonment, and he was released in January 2018. The current indictment was returned in September 2019.

The United States Sentencing Guidelines advisory range for Beatty's offenses was 324 to 405 months' imprisonment. The United States filed a motion seeking an upward variance from the advisory range, contending that the Guidelines did not lead to a sentence that was appropriate under the factors listed in 18 U.S.C. § 3553(a). Specifically, it argued that Beatty's conduct "demonstrated a flagrant disregard for the law," seeing as he committed more offenses after his initial arrest and pre-trial diversion in 2012. In order to promote respect for the law, afford adequate deterrence, and protect the public from future crimes, the United States asked for a fifty-year sentence.

Beatty asked the district court to impose a sentence of 390 months. Relying on a psychiatric evaluation by Dr. Caroline Parrott, Beatty contended that childhood trauma—specifically, parental neglect and incestuous sexual abuse—rendered him unable to "cope with repressed anger, anxiety, and depression," which ultimately manifested as "maladaptive" desires to "escape in the fantasy world of gaming, and [engage in] hypersexual behavior." Based on these characteristics, Beatty contended that a 390-month sentence would both serve the Section 3553(a) factors and permit him to receive much-needed mental health treatment.

The district court sentenced Beatty to 600 months of imprisonment, to be followed by a life term of supervised release. At the

Case 5:19-cr-00482-LSC-HNJ   Document 62-1   Filed 06/27/22   Page 5 of 10
USCA11 Case: 21-11979      Date Filed: 05/27/2022     Page: 5 of 10

21-11979               Opinion of the Court                    5

sentencing hearing, the district court explained that it was inclined to sentence Beatty for "more than fifty years." It opined that directing a child to abuse herself is "hands on," even if the direction comes through electronic means; in the district court's view, it was "just as bad," or potentially worse, than physically abusing the child. When considering the appropriateness of the sentence, the district court explained that although Beatty's childhood treatment was "a shame," that history did not excuse his behavior. And as for Parrott's report, the district court reasoned that it failed to identify any "very significant" diagnoses. Ultimately, the district court explained that a fifty-year sentence was appropriate because Beatty's "conduct [wa]s horrid"—he "used a calculated method to victimize . . . children." And although Beatty was "given an opportunity to realize the error of his ways back in 2012," he nonetheless "continu[ed] the conduct." Thus, the district court concluded that a fifty-year sentence was "plenty" justified. This appeal followed.

## II.

When sentencing a criminal defendant, a district court "must determine . . . what constitutes a sentence that is 'sufficient, but not greater than necessary,' 18 U.S.C. § 3553(a), to achieve the overarching sentencing purposes of retribution, deterrence, incapacitation, and rehabilitation." *Rosales-Mireles v. United States*, 585 U.S. ___, 138 S. Ct. 1897, 1903 (2018) (quotation omitted). We review that sentence for abuse of discretion. *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Although we "examin[e] all of the relevant factors embodied in Section 3553(a)," *id.*

Case 5:19-cr-00482-LSC-HNJ   Document 62-1   Filed 06/27/22   Page 6 of 10
USCA11 Case: 21-11979   Date Filed: 05/27/2022   Page: 6 of 10

6                    Opinion of the Court                    21-11979

at 1194, the "weight given to any specific [Section 3553(a)] factor is committed to the sound discretion of the district court," *United States v. Delva*, 922 F.3d 1228, 1256 (11th Cir. 2019). "By definition," this standard presupposes that we will affirm even though we might "have gone the other way had it been our call." *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994). Thus, we will reverse only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [Section 3553(a)] factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (quotation omitted). For example, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted). The party challenging a sentence bears the burden of demonstrating substantive unreasonableness. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

### III.

Beatty hopes to carry his burden in one of four ways. First, he attempts to demonstrate that his sentence is disproportionate to the severity of his conduct. Second and relatedly, he argues that his sentence promotes disparities among similarly situated defendants. Beatty's third argument is that the district court failed to justify its variance from the sentencing advisory range. And finally, Beatty

Case 5:19-cr-00482-LSC-HNJ   Document 62-1   Filed 06/27/22   Page 7 of 10
USCA11 Case: 21-11979   Date Filed: 05/27/2022   Page: 7 of 10

21-11979                Opinion of the Court                    7

contends that the district court improperly "recharacterized" the facts to support an unwarranted sentence. We consider each argument in turn.

First, Beatty has not demonstrated that his sentence is out of proportion with the severity of his conduct. Section 3553(a) directs a district court to consider what sentence is "sufficient, but not greater than necessary," to serve various penological purposes. 18 U.S.C. § 3553(a). In doing so, a court is not guided by any "proportionality principle"; but it must nonetheless impose "a sentence that is not too short and not too long, but just right to serve the purposes of [Section 3553(a)]." *Irey*, 612 F.3d at 1196, 1197. In arguing that the sentence here was too long, Beatty notes that the district court imposed the maximum prison term for four of the six counts in the indictment. *See* 18 U.S.C. §§ 2251(e), 2252A(b)(1). We have recognized that "a sentence that is well below the statutory maximum penalty is an indicator of reasonableness." *United States v. Gomez*, 955 F.3d 1250, 1260 (11th Cir. 2020). But Beatty acknowledges that the maximum penalty for the remaining counts was life in prison. *See* 18 U.S.C. § 2422(b). Thus, to the extent a sentence's deviation from the maximum permissible penalty supports its reasonableness, that factor counsels in favor of upholding the sentence here.

Second, Beatty's sentence is unlikely to lead to unwarranted sentencing disparities. A district court is instructed to impose a sentence that "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

Case 5:19-cr-00482-LSC-HNJ   Document 62-1   Filed 06/27/22   Page 8 of 10
USCA11 Case: 21-11979    Date Filed: 05/27/2022    Page: 8 of 10

8                    Opinion of the Court                21-11979

conduct." 18 U.S.C. § 3553(a)(6). This sentencing factor is a "particularly important one when reviewing the substantive reasonableness of a sentence because one of the primary purposes of appellate review of sentences is to iron out differences in order to avoid undue disparity." *Irey*, 612 F.3d at 1219. However, a "well-founded claim of disparity . . . assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation omitted). And we have affirmed similar sentences for similar conduct before. *See United States v. Woodson,* 30 F.4th 1295, 1308 (11th Cir. 2022) (affirming fifty-year sentence for a similar online scheme to coerce underage girls into sending nude photos); *United States v. Killen,* 773 F. App'x 567, 569 (11th Cir. 2019) (per curiam) (same). In any event, the district court acted within its discretion to emphasize some factors over others. *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (explaining that a district court "is permitted to attach great weight to one factor over others" (quotation omitted)).

The district court also justified its variance from the sentencing advisory range, meaning Beatty's third argument fails. The district court explained that Beatty's conduct was "horrid," and that the sentence he asked for would be inappropriate to serve the Section 3553(a) factors. Specifically, the district court pointed out the calculated method Beatty used to victimize the minors. And it explained that Beatty apparently had no intention of reforming his conduct because he continued preying on minors after he was arrested and given an opportunity to stop. Contrary to Beatty's

Case 5:19-cr-00482-LSC-HNJ   Document 62-1   Filed 06/27/22   Page 9 of 10
USCA11 Case: 21-11979   Date Filed: 05/27/2022   Page: 9 of 10

21-11979               Opinion of the Court                9

suggestion, the district court did not reject the sentencing advisory range "out of hand." Instead, the district court amply justified its variance.

Fourth, the district court did not mischaracterize the facts to support an otherwise unreasonable sentence. Beatty contends that the district court "disregarded" his mental health diagnoses, and he takes issue with the justification for the district court's opinion that directing a minor to engage in sexual activity is analogous to physically assaulting the minor. Again, however, his arguments are belied by the record. The district court did not disregard Parrott's report, it simply found that it was not relevant. The district court explained that, in its view, Parrott's report failed to reveal anything "significant as far as dealing with this particular issue." Thus, the district court accepted the severity of Beatty's illnesses and concluded that the diagnoses were not "reason[s]" for his conduct. The district court also thoroughly explained its view that virtually directing a child to molest herself can be "just as bad," if not "worse" than physically molesting a minor. Self-inflicted abuse can lead to "additional psychological issues," the district court reasoned, meaning the fact that it is not directly "hands on" has little impact on the offense's severity. It is apparent that the district court was convinced that the severity of Beatty's conduct outweighed any mitigating evidence he offered. We cannot say that the district court, occupying its "superior position to find facts and judge their import under [Section 3553(a)]," *Gall v. United States*, 552 U.S. 38,

Case 5:19-cr-00482-LSC-HNJ   Document 62-1   Filed 06/27/22   Page 10 of 10
USCA11 Case: 21-11979    Date Filed: 05/27/2022    Page: 10 of 10

10                    Opinion of the Court                    21-11979

51 (2007), abused its discretion to weigh the severity of the offense more highly than other factors.

## IV.

For the foregoing reasons, the district court's judgment is **AFFIRMED.**